KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Mada-Lastra,<br><br>          Petitioner,<br><br>vs.<br><br>Maricopa County Sheriff's Office,<br><br>          Respondent. | No.  CV 15-0734-PHX-DGC (ESW)<br><br><br>**ORDER** |

Petitioner Rafael Mada-Lastra, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* "Petition for Writ of Mandamus," which the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In a May 18, 2015 Order, the Court directed Petitioner to pay the filing fee or file an Application to Proceed *In Forma Pauperis* and dismissed the Petition with leave to amend.

On June 8, 2015, Petitioner filed an Amended Petition (Doc. 5) and an unsigned Application for Leave to Proceed *In Forma Pauperis*.  On June 25, 2015, Petitioner filed a "Motion for Verification" in which he asked the Court to verify that it received his Amended Petition and Application to Proceed.  In a July 21, 2015 Order, the Court granted the Motion for Verification and denied the Application to Proceed with leave to refile.

On July 31, 2015, Petitioner filed a new Application to Proceed *In Forma Pauperis* (Doc. 9).  On August 24, 2015, Petitioner filed two Motions for "Final Disclosure of All Untried Charges (Docs. 11 and 12).  On August 31, 2015, Petitioner

filed a "Request for Final Disposition of All Charges" (Doc. 13), which appears to seek the same relief as the August 24 Motions.

The Court will dismiss the Amended Petition without prejudice and deny the pending Motions as moot.

## I.     Application to Proceed *In Forma Pauperis*

Petitioner's July 31 Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00.  Accordingly, the Application to Proceed *In Forma Pauperis* will be granted.  *See* LRCiv 3.5(b).

## II.    Relief Unavailable under 28 U.S.C. § 2241 – Failure to Exhaust State Remedies

Petitioner challenges his ongoing criminal proceedings in Maricopa County Superior Court, case # CR 2015-002065-002.  Section 2241, 28 U.S.C., provides an avenue for habeas corpus relief for a pretrial detainee in custody in violation of the Constitution or laws and treaties of the United States.  "As an exercise of judicial restraint, however, federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim."  *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).  Petitioner has not exhausted his state remedies before bringing this habeas corpus action.

## III.   *Younger* Abstention

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court.  Absent special circumstances, such as "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown," a federal court will not entertain a pretrial habeas corpus petition.  *Carden*, 626 F.2d at 84 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in,

1 judgment has been appealed from and the case concluded in the state courts." *Id*. at 83-
2 84 (quoting *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972)).

Petitioner has failed to show special or extraordinary circumstances indicating that he will suffer irreparable harm if this Court abstains from hearing his claims until after he has a chance to present his claims to the state courts. *See Younger*, 401 U.S. at 45-46; *Carden*, 626 F.2d at 83-84. This Court, therefore, will abstain from interfering in Petitioner's ongoing state-court criminal proceedings.

**IV.    Dismissal Without Prejudice**

The Court will dismiss this action without prejudice. Petitioner may file another petition in a new habeas corpus action after all state criminal proceedings are completed and available state judicial remedies are exhausted. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) ("[E]xcept in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.").

**IT IS ORDERED:**

(1)    Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 9) is **granted**.

(2)    Petitioner's Amended Petition for Habeas Corpus (Doc. 5) and this case are **dismissed without prejudice**.

(3)    Petitioner's pending Motions (Docs. 11, 12, and 13) are **denied** as moot.

(4)    The Clerk of Court must enter judgment accordingly and close this case.

Dated this 18th day of September, 2015.

_____
David G. Campbell
United States District Judge